NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-695

ENOCH MELTON COLE

VERSUS

STATE FARM INSURANCE COMPANIES, INC., ET AL.

**********
APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 17122
HONORABLE W. PEYTON CUNNINGHAM, JR., DISTRICT JUDGE

**********
ULYSSES GENE THIBODEAUX
CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Steven D. Crews
Corkern & Crews, L.L.C.
P. O. Box 1036
Natchitoches, LA 71458-1036
Telephone: (318) 352-2302
COUNSEL FOR:
    Defendants/Appellees - State Farm Insurance Companies, Inc. and
    Norma F. Bell

Henry Howard Lemoine, Jr.
607 Main Street
Pineville, LA 71360
Telephone: (318) 473-4220
COUNSEL FOR:
    Plaintiff/Appellant - Enoch Melton Cole

THIBODEAUX, Chief Judge.

The plaintiff, Enoch Melton Cole (Cole), sustained injuries when he fell from a ladder while repairing lights in the shop of Norma F. Bell (Bell). Cole sued the defendants, Bell and her insurer, State Farm Fire & Casualty Company (State Farm), for the condition of the ladder and the floor owned by Bell. Following the depositions of the parties, State Farm and Bell filed a motion for summary judgment, which was granted by the trial court. It is from this judgment that Cole appeals. For the reasons set forth below, we affirm the judgment of the trial court.

I.

## ISSUES

We must decide whether the trial court erred in granting summary judgment in favor of the defendants in this case.

II.

## FACTS AND PROCEDURAL HISTORY

Cole and Bell were dating when Cole voluntarily began repairing lights in Bell's shop. To assist Cole, Bell obtained an aluminum extension ladder from under her house, or shed, and carried it to Cole at the shop. Cole repaired some of the lights by leaning the ladder against overhead beams and moving the ladder from one location to another on the cement floor of the shop. Eventually the ladder slipped, and Cole's arm was tangled in the rungs as he fell, resulting in a fractured elbow and injuries to his wrist and ribs.

At his deposition, Cole testified that he noticed the ladder did not have rubber pads on the feet after he fell, and that this condition and the texture of the cement floor must have caused the ladder to slip. The ladder became the focus of the case, and the record contains no further evidence regarding the condition of the floor.

Cole, who was fifty-five years old at the time of the accident, testified that he did electrical work and used step ladders in his work. He further testified that the extension ladder from which he fell was used by Bell's deceased husband in building Bell's house and that Bell had never used the ladder to his knowledge. He stated that he did not think she knew anything about ladders or this particular ladder and that he did not think she inspected it before handing it to him.

At her deposition, Bell testified that she had never used the ladder, that it was over twenty years old, but in good shape except for a little rust. Before he passed away, Bell's husband had used the ladder to paint the entire house about three years prior. She testified further that the ladder was kept under a shed and that her son used it occasionally. Bell further testified that she did not know that such a ladder should have rubber pads on the feet, and she agreed that Cole had more experience with ladders than she, due to the nature of his work.

In their motion for summary judgment, State Farm and Bell successfully argued that it was not shown that Bell knew or should have known of the defective condition of the ladder and, therefore, summary judgment should be granted. We agree.

III.

## LAW AND DISCUSSION

### Standard of Review

Appellate courts review grants of summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, that is, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't*, 04-066 (La. 7/6/04), 880 So.2d 1.

2

The Louisiana Supreme Court has further articulated the criteria and the burden of proof for a summary judgment in *Independent Fire Ins. Co. v. Sunbeam Corp.*, 99-2181 (La. 2/29/00), 755 So.2d 226:

> A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows:
>
> > The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
>
> La. C.C.P. art. 966(C)(2). "In effect, the amendment 'levels the playing field' between the parties in two ways: first, the supporting documentation submitted by the parties should be scrutinized equally, and second, the overriding presumption in favor of trial on the merits is removed." *Hardy v. Bowie*, 98-2821, p. 5 (La. 9/8/99), 744 So.2d 606[, 610] (citing *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 694, *writ denied*, 97-0281 (La. 3/14/97), 690 So.2d 41). "The amendment to Art. 966 brings Louisiana's standard for summary judgment closely in line with the federal standard under Fed. Rule Civ. Proc. 56(C) . . ." *Id.*

*Id.* at 230-31.

### The Custodian's Duty of Care

In the present case, the burden is on Bell and State Farm, as the movants, to show that there is no issue of fact or law that prevents summary judgment in this

case. The applicable law in cases where injuries are incurred due to property owned by a defendant is La.Civ.Code art. 2317.1. That article provides as follows:

> Art. 2317.1. Damage caused by ruin, vice, or defect in things
>
> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

In support of their motion for summary judgment, State Farm and Bell attached the deposition testimony of Cole wherein the plaintiff himself states that the ladder from which he fell was used by Bell's deceased husband and that Bell had never used the ladder to his knowledge. He further testified that while he did electrical work and used ladders in his work, he did not think Bell knew anything about ladders in general or this ladder in particular. Cole also testified that he did not think at the time that Bell had inspected the ladder before handing it to him, and that he did not expect her to know what to look for in inspecting a ladder for safety.

Bell and State Farm also attached the deposition of Bell wherein she testified that she had never used the ladder, that it was in good shape except for a little rust, and that her husband, before his demise, had used the ladder to paint the entire house approximately three years prior. She testified further that her son used the ladder occasionally. Bell also testified that she did not know that such a ladder should have rubber pads on the feet, and she agreed that Cole had more experience with ladders than she, due to the nature of his work.

Accordingly, State Farm and Bell argue that there is no material fact regarding liability because it was shown that Bell did not use the ladder or know

4

about ladders, and it was not shown under Article 2317.1 that Bell knew or should have known of a defect in the ladder. Further, it was shown that Cole used ladders in his work and was in a better position to know of missing rubber pads on the feet of a ladder.

In addition to the deposition testimony of Cole and Bell, the defendants also cite *Myers v. Dronet*, 01-5 (La.App. 3 Cir. 6/22/01), 801 So.2d 1097, in support of their request for summary judgment. In *Myers*, the plaintiff was hired by the defendant to perform labor at her residence. The plaintiff used the defendant's grinder to sharpen the defendant's shovel, and the plaintiff discovered later that a sliver of metal had penetrated his eye while sharpening the shovel. In affirming the summary judgment granted by the trial court, a panel of this court examined the relationship and sophistication levels of the parties and articulated as follows:

> In the case sub judice Ms. Dronet appeared to have very little knowledge regarding the use of grinders. She hired Mr. Myers to perform various tasks on her property. Mr. Myers, however, possessed experience in the use of grinders. For example, relying only on Mr. Myers' version of the facts, we note that when he saw the grinder, he immediately noticed that its disk appeared in a state of ruin. He also knew that he should have worn safety goggles to avoid the very type of incident which he sustained. Nevertheless, he chose to use it anyway without using goggles. Thus, it would be ludicrous to hold Ms. Dronet to a duty to warn him of a danger which was self-evident and which he would know better than she.

*Id*. at 1112.

State Farm and Bell assert that the present case bears a close resemblance to *Myers* because Bell had no knowledge of ladders, and Cole was an experienced user of ladders. We agree. The defendants have made a prima facie showing that summary judgment should be granted, and the burden shifts to Cole to present evidence demonstrating that a material factual issue remains that will prevent

summary judgment. *See Jones v. Estate of Santiago,* 03-1424 (La. 4/14/04), 870 So.2d 1002.

In opposition, Cole argued only that Bell is an intelligent person, that she was the owner of the ladder for numerous years, that she carried the ladder to Cole, and that she therefore could easily see that the ladder was defective. Cole attached pictures of the ladder along with his affidavit, stating that he was not a ladder "expert," and outlining his work history as a laborer in various capacities, including landscaper helper, construction worker, and electrician helper. On appeal, Cole refers only to the deposition testimony attached to the defendants' summary judgment motion and to the fact that he was not familiar with Bell's shop or Bell's ladder. We find this unpersuasive.

The photographs of the ladder depict an aluminum ladder in good shape, extended partially, but less than all the way, and leaning straight against an overhead beam. There are no obvious defects to the layman's eye. In fact, Cole himself apparently saw no defects and admitted that he successfully changed several lights and moved the ladder from one location to another several times without incident before the accident. While Cole testified that, after the fall, he saw ridges on the ladder's feet indicating that something had been there, there is no proof in the record that this particular ladder, apparently over twenty years old, had ever had rubber pads on the feet. Cole did not attach testimony of Bell's son, who also used the ladder, to show that the ladder once had pads on the feet and was now defective. In any event, the record supports the defendants' position that, even if the ladder had missing pads, Bell did not know of the alleged defect, and under the facts of this case was not expected to know of any missing pads on the ladder's feet.

In summary, Cole has failed to offer any evidence to refute his own testimony that Bell did not use the ladder or know anything about ladders, and that he had more experience with ladders because he used them in his work. Therefore, Cole did not set forth facts showing that Bell knew or should have known of any defect in the ladder that would render her liable for his injuries under La.Civ.Code art. 2317.1. Likewise, under a general negligence theory, Bell owed no duty to Cole where Cole was an experienced laborer who used ladders in his work and was in the better position to observe the condition of the ladder. Accordingly, Cole has failed to set forth specific facts showing that there is a genuine issue of fact or law preventing summary judgment and has failed to show that he can carry his burden at trial.

IV.

**CONCLUSION**

Where Cole has failed to produce evidence demonstrating that a material factual issue remains, summary judgment is appropriate in this case. We affirm the judgment of the trial court. Costs of this appeal are assessed against the plaintiff, Enoch Cole.

**AFFIRMED**.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.